## B. Wasser v. United States

**No. 4433.**—Invoice dated Warsaw, Poland, February 25, 1937.
Entered at New York April 28, 1937.
Entry No. 71251.

(Decided October 31, 1938)

*Puckhafer & Rode* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Evans, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the market value or price at the time of exportation of the merchandise involved herein at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States plus, when not included in such price, the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States is 8 zlotys per kilo less charges as invoiced for sea freight, freight to Gdynia and consular fees.

It is further stipulated and agreed that there was no higher foreign value for the merchandise herein at the time of exportation.

It is further stipulated and agreed that this case may be submitted upon the foregoing stipulation.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value is 8 zlotys per kilo less charges as invoiced for sea freight, freight to Gdynia and consular fee. Judgment will be rendered accordingly.

## H. Glasser v. United States

**No. 4434.**—Invoice dated Warsaw, Poland, May 29, 1937.
Entry No. 86693.

(Decided October 31. 1938)

*Puckhafer & Rode* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Evans, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the market value or price at the time of exportation of the merchandise involved herein at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States plus, when not included in such price, the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, is 12 zlotys per kilo less charges as invoiced for freight, insurance and consular fees.

It is further stipulated and agreed that there was no higher foreign value for the merchandise herein at the time of exportation.

It is further stipulated and agreed that this case may be submitted upon the foregoing stipulation.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value is 12 zlotys per kilo less charges as invoiced for freight, insurance and consular fees. Judgment will be rendered accordingly.

H. Glasser v. United States

No. 4435.—Invoices dated Riga, Latvia, April 30, 1937.
Entered at New York September 10, 13, 1937.
Entry Nos. 87313, 87525.

(Decided October 31, 1938)

Puckhafer & Rode for the plaintiff.
Webster J. Oliver, Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

Evans, Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the market value or price at the time of exportation of the merchandise involved herein at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States plus, when not included in such price, the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States is